UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIMBERLY KAISER,<br><br>           Plaintiff,<br><br>v.<br><br>TRACE, INC.,<br><br>           Defendant. | Case No. 1:13-CV-00010-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court is Defendant's Motion to Enforce Settlement Agreement ("Motion to Enforce") (Dkt. 16). In the interest of avoiding further delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve this motion without a hearing. Therefore, having carefully reviewed the record, the Court enters the following Order.

## BACKGROUND

On August 8, 2012, Plaintiff Kimberly Kaiser ("Kaiser" or "Plaintiff") filed a Complaint in Idaho state court alleging violation of the Idaho Human Rights Act, I.C. § 67-5901 *et. seq.*, against Defendant TRACE, Inc. ("Defendant" or

"TRACE"). (Dkt. 1.) After Kaiser filed an Amended Complaint in December, 2012, Defendant removed the case to federal court pursuant to Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e, because Kaiser's claims gave rise to a dispute related to workplace discrimination and retaliation and involved a federal question. (*Id.*, ¶ 3.)

The parties eventually participated in mediation with mediator James D. Huegli ("Huegli") on October 21, 2013. (Dkt. 16-1, p. 1.) In support of its Motion to Enforce, Defendant submitted an affidavit from Huegli stating the parties were successful in reaching a settlement agreement through mediation. (Dkt. 16-2, p. 1.) Following the mediation, Huegli sent an email to counsel for the parties summarizing the parties' settlement agreement. Huegli's October 21, 2013 email memorialized the following settlement terms:

1. The plaintiff will dismiss the case with prejudice and without costs;
2. The defendant will pay the entire mediation fee and pay for Plaintiff's out of pocket costs . . . [of] about $1600. Plaintiff will submit either a summary of those costs or a letter from counsel that the amount represents the costs expended.
3. Defendant will prepare a standard release between the parties.

(*Id.*, p. 4.)

The Court was also notified on October 22, 2013 that the case had been settled in its entirety in mediation and that a stipulation of dismissal would be forthcoming.[1] (Dkt. 12.)

Defendant thereafter paid the entire mediation fee and prepared and delivered a Settlement Agreement and Release of All Claims ("Settlement and Release") to Kaiser's counsel for Kaiser's signature. (Dkt. 16-1, p. 2.) Defendant also drafted a check payable to Kaiser's counsel for approximately $1600 of out of pocket expenses, but held the check awaiting Kaiser's signature upon the Settlement and Release and stipulation to dismiss the case with prejudice. (Dkt. 16-3, p. 2, ¶ 4.) Kaiser's counsel subsequently informed Defendant that Kaiser had decided not to continue with settlement discussions, and would proceed with prosecuting her case. (Dkt. 16-3, p. 10.) On December 13, 2013 the Court was notified that the terms of the settlement agreement were not fulfilled.[2] (Dkt. 13.)

---

[1] The terms of the settlement agreement were not provided to the Court.

[2] The parties dispute which party notified the Court that the settlement agreement had not been fulfilled. Kaiser claims Defendant's counsel notified the Court that the terms of the settlement agreement had not been fulfilled, and that this notice constituted evidence both that the parties did not intend to be bound until the terms of the mediated settlement were reflected in an executed, written agreement, and that even if the Court finds there was an enforceable settlement agreement, Defendant accepted Kaiser's rescission of the alleged agreement. (Dkt. 17, pp. 2-3.) Defendant counters "[t]he Court's December 13 Order followed TRACE's receipt of Ms. Kaiser's counsel's December 2nd letter stating that Ms. Kaiser refused to sign the release and wished to continue prosecuting her case. As such, until receiving Ms. Kaiser's January 9, 2014 Opposition [to Defendant's Motion to Enforce], TRACE and its counsel assumed Ms. Kaiser's counsel contacted the Court and cause the December 13 notification to be issued." (Dkt. 18, p. 2.) Which party notified the Court of the settlement is immaterial to resolution of this case, as the Court

Defendant thereafter filed the instant motion, claiming Kaiser's refusal to perform constitutes a breach of the settlement agreement and asking this Court to order Kaiser to perform under the agreement.

**ANALYSIS**

Defendant claims that the parties entered into an enforceable settlement contract on October 21, 2013 when the parties orally agreed to a settlement during mediation. Kaiser denies that the oral agreement comprised all of the material terms of the settlement, and suggests the parties intended to formalize the agreement in writing. Generally, oral agreements do not have to be reduced to writing to be enforceable. *McColm-Traska v. Baker*, 88 P.3d 767, 770 (Idaho 2004) (citing Lyle v. Koubourlis, 771 P.2d 907, 909 (Idaho 1988). However, oral settlement agreements must comply with the general requirements for contracts. *Id*. Thus, for an oral settlement agreement to be enforceable, there must be manifestation of mutual intent to contract, as well as a meeting of the minds regarding the essential terms of the agreement. *Lawrence v. Hutchinson*, 204 P.3d 532, 538 (Idaho App. 2009). To be enforceable, a "contract must be complete,

---

does not decide the Motion to Enforce on the basis of rescission, but instead finds the evidence does not establish a meeting of the minds with respect to the settlement agreement.

definite, and certain in all its material terms, or contain provisions which are capable in themselves of being reduced to certainty." *Id*. (citations omitted).

Where, as here, the parties enter into an oral agreement but contemplate a formal writing, the question of whether the parties become bound prior to the drafting and execution of the formal writing, "is largely a question of intent." *Kohring v. Robertson*, 44 P.3d 1149, 1154 (Idaho 2002). The intent of the parties is to be determined by:

> the surrounding facts and circumstances of each particular case. The stipulations are best evaluated by looking to the very words of counsel and their clients. Circumstances which have been suggested as being helpful in determining the intention of the parties are: whether the contract is one usually put in writing; whether there are few or may details; whether the amount involved is large or small; whether it requires a formal writing for a full expression of the covenants and promises; and whether the negotiations themselves indicate that a written draft is contemplated at the final conclusion of the negotiations.

*Lawrence*, 204 P.3d at 538 (internal citations omitted).

The Court notes there were few details associated with the settlement, the amount involved was small, and Defendant and the mediator, if not Kaiser, believed this matter was conclusively settled during mediation. Nevertheless, the only evidence of the terms of the oral settlement agreement before the Court is Huegli's October 21, 2013 email to the parties summarizing the mediated settlement. (Dkt. 16-2, p. 4.) Of the three settlement terms listed in that email, the third term, that "Defendant will prepare a standard release between the parties,"

suggests the parties contemplated a written release as the final conclusion of the negotiations. More importantly, Huegli's email states Defendant would prepare a "standard release," but does not contemplate additional settlement terms that were ultimately included in the Settlement and Release. For instance, the Settlement and Release states:

> Kimberly Kaiser will not apply for any employment with TRACE or its subsidiaries or agents, nor will she direct any prospective employer inquiries to TRACE. Kimberly Kaiser affirms that TRACE is under no obligation to respond to any of Kimberly Kaiser's prospective employer inquiries. TRACE shall suffer no liability as a result of Kimberly Kaiser's ineligibility for employment with TRACE nor shall it suffer any liability as a result of any of Kimberly Kaiser's prospective employer inquiries.

(Dkt. 16-3, ¶ 7.)

The Settlement and Release also provides:

> Should TRACE have to enforce this Agreement, Kimberly Kaiser shall be responsible for payment of all of TRACE's attorney fees and costs incurred as a result of such enforcement action.

(*Id*., at ¶ 8.)

Moreover, the Settlement and Release mandates that Kaiser forever forgives and releases TRACE from any and all claims arising out of or in any way related to Kaiser's suit, but does not contain a mutual release of any and all claims TRACE may have against Kaiser. (*Id*., ¶ 1.) The Court is doubtful Kaiser contemplated such a unilateral agreement when she agreed to preparation of a "standard release."

Given these circumstances, the Court finds there was no meeting of the minds regarding the terms of settlement. Regardless of whether Defendant added

additional terms to its "standard release," or the terms included therein appear in every TRACE release, Kaiser clearly did not contemplate such conditions at the time she orally agreed to settle the case at mediation. In a dispute over contract formation, it is incumbent on the party attempting to establish the existence of an enforceable agreement to "prove a distinct and common understanding between the parties." *Lawrence*, 204 P.3d at 538 (citing *P.O. Ventures, Inc. v. Loucks Family Irrevocable Trust*, 159 P.3d 870, 875 (Idaho 2007) and *Inland Title Co. v. Comstock*, 779 P.2d 15, 17 (Idaho 1989)). Kaiser claims both that the parties intended to finalize the agreement in writing and that receipt of the Settlement and Release was her first opportunity to review all of the specific terms of the proposed settlement agreement.[3] Further, Huegli's email summarizing the settlement explicitly stated Defendant would prepare a "standard release," but did not list any of the other requirements Defendant ultimately included in the Settlement and Release. Given these circumstances, the Court finds the parties did not agree to all material terms of the settlement agreement. As such, the October 21, 2013 oral

---

[3] Defendant contends that if the release was material to Kaiser, she should have conditioned settlement on her review and approval of the same, and that she instead "agreed to a release prepared by TRACE, without reservation." (Dkt. 18, p. 3.) If this were the case, then Defendant could include any term it wanted, including conditions never discussed in mediation nor contemplated by Kaiser, in its "standard release" and claim Kaiser was bound by them. Moreover, that Kaiser rejected settlement and proceeded to prosecute her claims shortly after her first opportunity to review the terms of the Settlement and Release suggests she did not agree to be bound by any release prepared by Defendant, without reservation.

agreement was not an enforceable contract. The Court accordingly **DENIES** Defendant's Motion to Enforce.

**ORDER**

Defendant's Motion to Enforce (Dkt. 16) is **DENIED**. As the pre-trial motion deadline has passed and trial is set for August 12, 2014, the parties are directed to notify the Court immediately if they will seek amendment of the Scheduling Order.

DATED: May 1, 2014

Edward J. Lodge
United States District Judge